# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>        Plaintiff,<br><br>vs.<br><br>MIGUEL TILLETT,<br><br>        Defendant. | CASE NO. 09-CV-2311 JLS (CAB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND (3) SUA SPONTE DISMISSING WITH PREJUDICE**<br><br>(Doc. No. 1) |

Presently before the Court are Plaintiff Grace L. Sandoval's motions (1) to proceed in forma pauperis, and (2) for appointment of counsel. (Doc. No. 1.) For the reasons stated below, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis, *sua sponte* **DISMISSES WITH PREJUDICE** Plaintiff's complaint, and **DENIES AS MOOT** her motion for appointment of counsel.

## MOTION TO PROCEED IN FORMA PAUPERIS

A Federal Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Plaintiff reports that she is currently unemployed, and that her only other source of money was for unemployment insurance between February 1, 2009 and February 14, 2009. Her bank accounts appear to contain little money and she reports having a substantially greater amount of debt. Based on the information provided by

1  Plaintiff, the Court grants Plaintiff's motion to proceed in forma pauperis, but solely for the
2  purpose of this motion.

### SUA SPONTE DISMISSAL

28 U.S.C. § 1915(e)(2) requires this Court to review cases in which it grants leave to proceed in forma pauperis for sua sponte dismissal. Section 1915(e)(2) provides in part:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of plaintiff's allegations," but must "pierce the veil of the complaint's factual allegations" to determine if the claims are "fantastic or delusional," "fanciful" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

This litigation is clearly frivolous. Plaintiff is suing Miguel Tillett, who allegedly is smuggling drugs from Mexico, as well as "invad[ing] all heroin addicts in various counties in California with the German race . . ." Following this, she claims that various other persons not parties to the action demanded others "to murder the prophet" and that she was called the prophet, but she is "a Catholic, not a prophet." Given the entirety of the complaint, the Court finds Plaintiff's allegations irrational, delusional, and wholly incredible.

Generally, when dismissing a complaint, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). In this case, however, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Therefore, this case is **DISMISSED WITH PREJUDICE**.

//

**MOTION FOR APPOINTMENT OF COUNSEL**

Because the Court dismisses Plaintiff's complaint with prejudice, her motion for appointment of counsel is moot and therefore **DENIED.**

**CONCLUSION**

As stated above, the Court **GRANTS** Plaintiff's motion for IFP, **DISMISSES WITH PREJUDICE** Plaintiff's complaint**,** and **DENIES** Plaintiff's appointment of counsel motion.  This order ends the litigation in this case.  The Clerk shall close the file.

IT IS SO ORDERED.

DATED:  October 23, 2009

_____
Honorable Janis L. Sammartino
United States District Judge